Anne GOLDEN, on Behalf of Herself
and All other Taxpayers
Similarly Situated

v.

GOVERNMENT OF THE VIRGIN IS-
LANDS, BUREAU OF INTERNAL
REVENUE; Charles Turnbull, in his
Official Capacity as Governor of the
U.S. Virgin Islands; Louis Willis, in
His Official Capacity as Director of
the Virgin Islands Bureau of Internal
Revenue, Appellants

No. 02–1069.

United States Court of Appeals,
Third Circuit.

Argued May 13, 2002.

Filed July 19, 2002.

Julio A. Brady (Argued), Christiansted,
St. Croix, for Appellee.

Iver A. Stridiron, Attorney General, El-
liott McIver Davis, Solicitor General,
Joanne E. Bozzuto (Argued), Special As-
sistant Attorney General, Office of Attor-
ney General of Virgin Islands, Department
of Justice, Charlotte Amalie, St. Thomas,
Richard M. Prendergast, Office of Attor-
ney General of Virgin Islands, Christianst-
ed, St. Croix, for Appellants.

Before AMBRO, FUENTES and
GARTH, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

In this case, the District Court of the Virgin Islands erred by allowing the parties to stipulate as to Plaintiff's standing. Accordingly, we reverse and remand for further factual findings on this jurisdictional prerequisite.

### I.

The Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. No. 107–16, 115 Stat. 38 (codified as amended in scattered sections of 26 U.S.C.) (the "Act"), lowered the tax rate from fifteen to ten percent for the first $6,000, $10,000, and $12,000 of taxable income for singles, heads of households, and married couples filing jointly, respectively. Signed into law on June 7, 2001, the Act made the new ten percent tax bracket retroactive to January 1, 2001. However, in lieu of receiving the benefit of the ten percent rate for tax year 2001, the Act authorized a five percent tax credit-paid to most taxpayers through an advance refund check-representing the difference between the fifteen and ten percent rates. 26 U.S.C. § 6428(a). In an effort to stimulate the economy, the Act provided that taxpayers should receive these refunds "as rapidly as possible, and to the extent practicable, before October 1 of 2001." 26 U.S.C. § 6428(e)(3). Because the Act provided for the payment of refunds prior to the filing of tax year 2001 returns, taxpayers received refunds based on information reported on their tax year 2000 returns. Finally, the Act provided that no refunds would occur after December 31, 2001. 26 U.S.C. § 6428(e)(4). If a taxpayer did not receive her full refund-or received no refund at all-before that date, she could claim a "rate reduction credit" on her tax year 2001 returns. *See* H.R. Conf. Rep. No. 107–84, at 126–27 (2001) (describing the rate reduction credit and advance refund mechanisms).

48 U.S.C. § 1397 made the Act's provisions applicable to the Virgin Islands and its taxpayers. Soon after the Act's passage, the Virgin Islands Bureau of Internal Revenue (the "VIBIR")[1] announced that, due to budgetary and administrative constraints, it could not process the refunds prior to the December 31st deadline.

On September 5, 2001, Leo D. Goubourn and Anne Golden, purportedly on behalf of themselves and all other similarly situated Virgin Islands taxpayers, filed a complaint in the District Court challenging the VIBIR's decision.[2] The complaint sought (1) an injunction compelling the VIBIR to issue the refunds in compliance with the Act, and (2) a declaration that the VIBIR's decision was in violation of the Act and § 1397. Six days later, Golden amended the complaint to specify herself as the sole named plaintiff.[3] On October 10th, Golden filed her motion for a preliminary injunction, and the VIBIR responded with its motion to dismiss or, in the alternative, for summary judgment. The District Court held a consolidated hearing for both motions on November 26, 2001. That same day, it issued findings of fact and conclusions of law in which it awarded Golden declaratory relief but granted the VIBIR's

---

1. For simplicity we refer to all appellees as the "VIBIR."

2. The District Court assumed jurisdiction under 48 U.S.C. § 1612(a).

3. After the VIBIR filed an answer to the amended complaint, Golden moved for permission to file a second amended complaint that would add Reynaldo Y. Callwood as a second named plaintiff. The District Court took no action on Golden's motion, and therefore, her first amended complaint remains operative.

motion for summary judgment as to the injunctive relief claim. A final order followed on November 30th, and the VIBIR filed a timely notice of appeal-limited to the District Court's grant of declaratory relief-on December 27th.[4]

## II.

■ On appeal, we need only address the threshold jurisdictional issue of Golden's standing.[5] To qualify for an advance refund, and thereby show standing to challenge the VIBIR's decision, Golden must establish that she filed a return for tax year 2000 and was otherwise fully eligible for an advance refund.[6] Before the District Court both parties stipulated that Golden had filed these returns.[7] Without further factual inquiry the District Court held that Golden had standing based on this stipulation alone.[8]

This stipulation could not confer standing on Golden. Because "standing is an Article III requirement for jurisdiction, the parties do not have the power to confer such jurisdiction upon the Court by conceding the standing of certain plaintiffs." *Barhold v. Rodriguez*, 863 F.2d 233, 234 (2d Cir.1988); *see Wilson v. Glenwood Intermountain Properties*, 98 F.3d 590, 593 (10th Cir.1996) (rejecting "[t]he district court's finding that defendants conceded plaintiffs had standing" because "parties cannot confer subject matter jurisdiction on the courts by agreement").

■ Further, there is no record evidence from which we can independently evaluate Golden's standing. We recognize that this absence of evidence would normally be fatal to her complaint. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (stating that "[t]he party invoking federal jurisdiction bears the burden" of proving standing); *Joint Stock Society v. UDV North America, Inc.*, 266 F.3d 164, 175 (3d Cir.2001). Nevertheless, we have recognized our right to remand, rather than dismiss, litigation where further development of the record will assist our review of a district court's standing determination.

---

**4.** We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

**5.** We exercise plenary review over the District Court's determination of standing. *RFE Indus., Inc.*, 283 F.3d 159, 163 (3d Cir.2002) ("We review the issue of standing *de novo.*").

**6.** While we cannot deal with the merits in this opinion, the question of whether Golden paid taxes, as distinct from merely filing a tax return, would appear to affect her standing and is therefore relevant for the District Court's consideration.

**7.** The following exchange occurred at the November 26th hearing:

> MR. PRENDERGAST [Counsel for the VIBIR]: What we do stipulate to is ... if she [Anne Golden] were a taxpayer within the meaning of this Act stateside, for these two years, 2000 and 2001, and if she otherwise would have been entitled under the Act to an advanced refund stateside, that if

the Act applies down here, then she would be entitled to those advance refunds here in the Virgin Islands as well.

> THE COURT: Does that sum up the stipulation?

> MR. MESSIER [Counsel for Golden]: I believe it does, Your Honor. I want to put Ms. Golden on the stand, to say that she is a Virgin Islands taxpayer. Alternatively, if the Court would prefer, we could file under seal certified copies of her returns to establish that fact, to the extent it's necessary, however the Court wishes to proceed. I'm prepared to call her.

> MR. PRENDERGAST: That issue is stipulated, the standing issue. We don't need to make that an issue, Your Honor.

App. at 155–56.

**8.** In issuing its findings of fact and conclusions of law, the District Court stated: "So, I find that the plaintiff does have standing. I think the parties have stipulated that she has standing." App. at 20.

*New Jersey Coalition of Rooming and Boarding House Owners v. Mayor and Council of the City of Asbury Park,* 152 F.3d 217, 220 (3d Cir.1998) (remanding because "the district court made insufficient factual findings for us to review its standing determination."). We find the exercise of that power most appropriate here, particularly because the record illustrates that, but for the stipulation, Golden was willing to introduce testimony and evidence on this issue.

### III.

For the foregoing reasons, we vacate the District Court's judgment and remand for further development of the record on the issue of Golden's standing.[9]

---

9. Because we remand on the issue of standing, we do not address any additional arguments raised by either party on appeal.