NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1292
_____

JAMAL MORTON,
Appellant

v.

UNITED STATES VIRGIN ISLANDS; ALBERT BRYAN, JR.; JOEL A. LEE; KIRK
CALLWOOD, SR.; CLARINA MODEST ELLIOT

_____

On Appeal from the District Court
of the Virgin Islands
District Court No. 3-20-cv-00109
District Judge: Honorable Robert A. Molloy
_____

Argued December 8, 2021

Before: McKEE, RESTREPO, and SMITH, *Circuit Judges*

(Filed: December 29, 2021)

Joseph A. DiRuzzo, III
Daniel M. Lader [ARGUED]
DiRuzzo & Company
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
     *Counsel for Appellant*

Kenneth Case [ARGUED]

United States Department of Justice
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 00802
        *Counsel for Appellees*

———————————————

OPINION[*]

———————————————

SMITH, *Circuit Judge*.

Jamal Morton appeals the District Court's dismissal, on Article III standing grounds, of his putative class action challenging the Virgin Islands' refusal to issue COVID-19 stimulus payments to incarcerated individuals. Because the District Court erred in applying a failure-to-state-a-claim analysis to the question of whether Morton had Article III standing to bring his claims, we will vacate the District Court's dismissal order and remand for further proceedings consistent with this opinion.

I

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. 116-136, 134 Stat. 281 (2020), provided emergency financial assistance to Americans during the early days of the COVID-19 pandemic through what are commonly referred to as economic impact payments ("EIPs"). EIPs are premised on a legal fiction that individuals are entitled to refunds of taxes they never owed. *Scholl v. Mnuchin*, 494 F. Supp. 3d 661,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

687 (N.D. Cal. 2020). The CARES Act provides that EIPs are payable to "eligible individuals." 26 U.S.C. § 6428(d). It is undisputed that Morton meets the statutory definition of an "eligible individual."

Morton's action follows the relief granted to a class of incarcerated individuals in *Scholl v. Mnuchin*. There, a federal district court read the CARES Act's definition of "eligible individual" as plainly including incarcerated individuals. 494 F. Supp. 3d at 689. Accordingly, it enjoined the IRS from withholding EIPs from members of the plaintiff class on the "sole basis of their incarcerated status." *Id.* at 691–93. The *Scholl* class included only incarcerated individuals "in the United States," *Scholl v. Mnuchin*, No. 20-cv-05309, Dkt. 62, 2020 WL 5877674, at *7 (N.D. Cal. Oct. 2, 2020), which excludes incarcerated individuals in the Virgin Islands.[1]

Morton, who is incarcerated in the Virgin Islands, subsequently sued the Virgin Islands and several of its government officials. He alleged that the Virgin Islands shared the IRS's previous policy of declining to issue EIPs to incarcerated individuals. Seeking a mix of monetary and equitable relief on a class-wide basis, Morton brought three causes of action: (1) a tax refund claim pursuant to 26 U.S.C. § 7422; (2) a Fourteenth Amendment Equal Protection claim pursuant to 42 U.S.C. § 1983; and (3) a Virgin Islands administrative procedure claim pursuant to 3 V.I.C. § 911 *et seq.*

---

[1] The Internal Revenue Code defines "United States" as "only the States and the District of Columbia." 26 U.S.C. § 7701(a)(9).

3

Referring to language in the CARES Act that could be read to suggest that filing a tax return is a prerequisite to obtaining an EIP, 26 U.S.C. § 6428(g)(2), Morton also alleged that filing a tax return would have been futile in light of the Virgin Islands' alleged policy of refusing to pay EIPs to incarcerated individuals. His futility argument notwithstanding, Morton submitted a tax return after filing his class complaint. Morton did not amend his complaint to note that he had filed a tax return.

During the litigation, the Virgin Islands revealed that it did in fact have a policy against paying EIPs to incarcerated individuals. It later reversed course on its policy, representing to the District Court that it would issue EIPs to all qualifying individuals who had filed tax returns with the Virgin Islands, even if they were incarcerated. The parties did not litigate Article III mootness before the District Court. And further, the record does not establish whether Morton received an EIP.

Even though the Virgin Islands conceded that it would have refused to issue an EIP to Morton solely on the basis of his incarcerated status, the District Court concluded that Morton lacked Article III standing because he had not submitted a tax return before filing suit. It did so because it read the CARES Act as requiring Morton to file a tax return. *Morton v. U.S. Virgin Islands*, No. 3-20-cv-00109, 2020 WL 7872630, at \*5–\*8 (D.V.I. Dec. 31, 2020).

The District Court dismissed all three of Morton's claims on the Virgin Islands' factual challenge to Morton's standing. *Id.* at \*1. Morton's timely appeal followed.

4

II

On appeal, the Virgin Islands argues that Morton's action is non-justiciable: (a) because Morton lacked standing due to his failure to file a tax return before suing, as the District Court concluded, or (b) because his action is moot in light of the Virgin Islands' decision to issue EIP to incarcerated individuals. We disagree.[2]

***Morton had standing to bring his claims.*** To establish Article III standing, Morton must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 885 (3d Cir. 2020) (quoting *Spokeo v. Robins*, 578 U.S. 330, 338 (2016)). Morton has met all three elements for each of his three claims.[3]

Morton established injury in fact for his claims because he demonstrated that the Virgin Islands would have refused to issue him an EIP because of his status as an

---

[2] The District Court had jurisdiction over this dispute pursuant to 48 U.S.C. § 1612(a) and 28 U.S.C. §§ 1331, 1367(a). We have jurisdiction to review the District Court's final order of dismissal pursuant to 28 U.S.C. § 1291.

We exercise plenary review over Rule 12(b)(1) dismissals for lack of Article III standing. In re *Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). In reviewing a district court's dismissal pursuant to a factual attack on standing, we may weigh and consider evidence outside of the pleadings. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

[3] We limit our analysis to Morton's standing because he is the proposed class representative, *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 478 (3d Cir. 2018), and we examine whether Morton has established standing for "each claim he seeks to press." *Long v. SEPTA*, 903 F.3d 312, 323 (3d Cir. 2018).

incarcerated individual. That alone suffices for Morton's Equal Protection claim, as "denial of equal treatment" itself is injury for Article III standing purposes. *Ne. Fla. Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 666 (1993); *Hassan v. City of N.Y.*, 804 F.3d 277, 290–91 (3d Cir. 2015) (holding that a plaintiff need not even suffer an economic injury to have standing to bring an Equal Protection claim). For the two remaining claims, Morton has shown injury in fact because he established economic injury: denial of an EIP. *Thorne*, 980 F.3d at 886.[4] The other courts that have heard suits seeking EIPs under the CARES Act have similarly concluded that a wrongfully withheld EIP constitutes an injury in fact. *E.g.*, *Scholl*, 494 F. Supp. 3d at 675–77; *Amador v. Mnuchin*, 476 F. Supp. 3d 125, 147–48 (D. Md. 2020).[5]

Morton has also satisfied the remaining two prongs of Article III standing. His injury is directly traceable to the Virgin Islands' refusal to issue EIPs to incarcerated individuals and could be redressed by the equitable and monetary relief he proposes, even if he would not be successful in obtaining them on the merits.

---

[4] Injury in fact has three additional sub-elements, but claims of financial harm will generally satisfy all three. *Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 163 (3d Cir. 2017).

[5] In *Golden v. Gov't of the V.I.*, which the Virgin Islands relies on in arguing that Morton lacks standing, we suggested without holding that filing a tax return *could* be relevant to a plaintiff's standing to seek a stimulus payment. 47 F. App'x 620, 622 n.6 (3d Cir. 2001); *id.* at 622 (holding only that standing cannot be established by stipulation). After all, meeting an administrative requirement is just one way of demonstrating injury in fact. *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 205–06 (3d Cir. 2021) (observing that "apply[ing] formally for a benefit or opportunity" can "lend[] concrete substance and imminence to an injury").

The Virgin Islands' arguments to the contrary—that Morton did not file a tax return before suing and does not belong to a protected class—bear on the merits of Morton's claims rather than whether he had standing to bring them. They are arguments for a motion to dismiss for failure to state a claim, not a motion to dismiss for lack of subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Mielo*, 897 F.3d at 479 ("our standing inquiry must avoid any consideration of the merits beyond a screening for mere frivolity."). For that reason, the District Court erred by crediting these arguments in concluding that Morton lacked Article III standing.

***There is no basis in the record to conclude that Morton's action is moot.*** The Virgin Islands also argues that Morton's action is moot. But the record does not establish whether Morton has received an EIP, which precludes us from ruling on mootness. In re *Price*, 370 F.3d 362, 366 (3d Cir. 2004). Thus, we leave the mootness determination to the District Court on remand.

III

Morton's action is justiciable for our purposes, but that does not necessarily mean that his claims can proceed once his case returns to the District Court. This dispute may well be moot. And even if it is not, Morton will still need to demonstrate that he has stated a claim on his three causes of action.[6]

We will vacate and remand for further proceedings consistent with this opinion.

---

[6] For one, we note that Morton's 26 U.S.C. § 7422 claim requires administrative exhaustion. *United States v. Williams*, 514 U.S. 527, 533 (1995).